---

(31 Misc. Rep. 656.)

### In re BENTLEY'S ESTATE.

(Surrogate's Court, New York County. May, 1900.)

1. WITNESSES—COMPETENCY—TRANSACTION WITH DECEDENT.

    Code Civ. Proc. § 829, providing that a party or person interested in the event of an action may not testify in his own behalf as to a personal transaction between himself and a deceased person, does not render a legatee incompetent to testify, in a proceeding under the transfer tax law to appraise an estate, as to transactions between himself and decedent.

2. TRANSFER TAX—PROPERTY TO BE TAXED—LOCATION.

    Where a nonresident made loans to one also a nonresident, but whose business was in this state, and after his death such loans were inventoried as a balance of account with him as banker, and no voucher or pass book was given deceased by such person, nor did deceased ever draw checks on the account, nor was any agreement shown for repayment, other than on oral demand, such balance was not properly within the state, and hence not subject to the transfer tax.

In the matter of the estate of Margaret E. Bentley, deceased. From an appraisal of said estate under the transfer tax law, the legatees appeal. Reversed.

John C. Gulick, for appellants.

Charles M. Russell, for comptroller.

THOMAS, S. In this proceeding to assess a transfer tax, a legatee, upon whose interest in the estate a tax is attempted to be levied, is not precluded from testifying by any provision of section 829, Code Civ. Proc. In re Gould's Estate, 19 App. Div. 352, 354, 46 N. Y. Supp. 506, affirmed in 156 N. Y. 423, 51 N. E. 287. And the affidavit of Rosaline H. Towar is therefore competent evidence. The appeal to the surrogate "is in the nature of an application for a rehearing, upon

which new evidence may be taken bearing upon the questions involved." In re Westurn's Estate, 152 N. Y. 89, 104, 46 N. E. 315. And the affidavit of Thomas E. Towar may also be considered. From these two affidavits it appears that the decedent was the mother of Mrs. Towar, and resided with her and her husband, Thomas E. Towar, at Jersey City. From time to time she made loans to Mr. Towar, and the balance due thereon is the fund which the appraiser determined to be taxable. These loans and all repayments thereon were all made at Jersey City, where all the parties resided, except that some checks, of unascertained amounts, were mailed at Jersey City to the address of Mr. Towar, in New York, where he carried on business as a broker. In the inventory filed in New Jersey this fund is described as "balance of account with Thomas H. Towar, banker, at decedent's death." It is affirmatively shown that no pass book or voucher of any kind was delivered by Mr. Towar to the decedent, and it does not appear that the decedent ever drew checks upon the account, or that it was, by the contract between her and Mr. Towar, to be repaid, otherwise than upon oral demand on him. Under these circumstances, the whole transaction was a series of loans from a resident of the state of New Jersey to another resident of that state, payable there; and the balance remaining at the time of the death of the decedent was not properly within this state, subject to the transfer tax. The fact that in the inventory the debtor is described as a banker cannot vary this result. It has never been determined that every debt of a person who does business as a banker has a situs in this state, within the meaning of the transfer tax law. A deposit made with a banking corporation or trust company or savings bank in this state, to be repaid on checks or drafts in writing presented to the corporation at its place of business in this state, and not otherwise, is taxable here, as was said in Re Houdayer's Estate, 150 N. Y. 37, 41, 44 N. E. 718, 719, 34 L. R. A. 235, 237, "because the owner must come here to get it." The test prescribed in the case cited excludes from taxability a debt due to a nonresident decedent by a nonresident debtor. These views render it unnecessary to examine the questions raised as to the amount of tax to be charged against the interest of the infant legatee. The appeal will be sustained, and an order made declaring the estate of the decedent exempt from the transfer tax. Settle order on notice.

Appeal sustained.