Matter of the Estate of GEORGE W. OTIS, Deceased.

(Surrogate's Court, New York County, June, 1918.)

Transfer tax — when bonds not subject to additional tax — Tax Law, §§ 221-b, 331.

Where decedent at the time of his death, September 28, 1917, two days before the assessment for personal property was made for 1918, was the owner of certain railroad bonds which he had purchased on October 16, 1916, upon which no tax had been paid or stamps affixed as provided by section 331 of the Tax Law, said bonds, which could not have been included in the personal property on which he was assessed in 1917, are not subject to the additional tax of five per cent under section 221-b of the Tax Law, added by chapter 700 of the Laws of 1917.

> Though decedent might have paid the tax provided by said
> section 331 it was not incumbent on him so to do, as he could
> rely on the other alternative and pay the personal property tax.

APPEAL from an order assessing and fixing the transfer tax.

Herbert B. Shoemaker (Julius H. Beckwith, of counsel), for executor.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

FOWLER, S. The order assessing a tax upon the estate of decedent contains an adjudication that certain railroad bonds owned by him at the time of his death are subject to the tax provided by section 221-b of the Tax Law, and a tax of $1,390.28 was assessed upon the appraised value of the bonds. The executor has appealed from that determination, and contends that the bonds are not subject to the tax provided by that section. He further contends that chapter 700 of the Laws of 1917, which added the new section 221-b to the Tax Law, is unconstitutional.

The decedent died on the 28th of September, 1917. At the time of his death he was a resident of the state of New York. He owned certain railroad bonds having an aggregate value of $27,805.68, and upon these bonds no tax had been paid or stamps affixed, as provided by section 331 of the Tax Law.

That part of section 221-b which is relevant to the question under consideration reads as follows: "Additional tax on investments in certain cases. Upon every transfer of an investment, as defined in article fifteen of this chapter, taxable under this article, a tax is hereby imposed, in addition to the tax imposed by section two hundred and twenty-one-a, of five per centum of the appraised inventory value of such invest-

ment, unless the tax on such investment as prescribed by article fifteen of this chapter or the tax on a secured debt as defined by former article fifteen of this chapter shall have been paid on such investment or secured debt and stamps affixed for a period including the date of the death of the decedent or unless the personal representatives of decedent are able to prove that a personal property tax was assessed and paid on such investment or secured debt during the period it was held by the decedent.''

It seems that a person owning '' investments '' may, in either of two ways, relieve his estate from the additional tax provided by this section: He may pay the twenty cents a year on each $100, as provided by section 331, or he may pay a personal property tax in the tax district where he resides. Payment in either way will relieve his estate from the additional tax provided by section 221-b; it is not necessary that his executors should show payment under section 331 as well as payment of a personal property tax. It is conceded that the decedent did not pay the tax provided by section 331, and it is also conceded that he did not pay a personal property tax on the bonds. It appears, however, that he did not become the owner of the bonds until October 16, 1916. As assessments for personal property are made in this county on October first of each year, the decedent could not have included the bonds in the personal property on which he was assessed for the year 1917. He died on September 28, 1917, which was two days before the assessment for personal property was made for the year 1918. It was therefore impossible for him to have paid the tax provided by section 331, but it was not incumbent upon him to do so, as he could rely on the other alternative and pay the personal property tax. To assess an additional tax of five per cent on his

42

investments because he was prevented by circumstances beyond his control from paying the personal property tax would seem harsh and unjustifiable. While he could have avoided the assessment of the additional tax by paying the tax provided by section 331, instead of waiting to pay a personal property tax, there is nothing in the statute which compels him to make such an election; and an interpretation of the statute which would penalize him for failing to make such election would take away the alternative provision for payment mentioned in section 221-b, as no person purchasing bonds after the first of October of any year could be certain of living until the following October, and therefore would be under the necessity of paying the tax provided by section 331. It seems to me that the intention of the legislature in enacting section 221-b was to discourage the evasion of the Personal Property Tax Law by providing, upon the death of the owner, for the imposition of a tax of five per cent on investments upon which such tax had not been paid. If, therefore, the personal representative of a decedent can show that he was prevented by death from paying a personal property tax on the investments, the additional tax provided by section 221-b should not be assessed. As the decedent herein could not have paid a personal property tax upon the bonds during the time they were held by him, they are not taxable under section 221-b. Evidently this is a particular case which, from the facts disclosed, is not provided for in the statute.

In view of the conclusion at which I have arrived, it is unnecessary for me to consider the point raised as to the constitutionality of the statute.

The order fixing tax will be modified by striking out that part of it which imposes a tax under section 221-b.

Order modified.