## Matter of the Transfer Tax upon the Estate of CHARLES W. WATSON, Deceased.

(Surrogate's Court, New York County, July, 1918.)

Transfer tax — additional tax on investments in certain cases unconstitutional — personal property — Tax Law, § 221-b, added by Laws 1917, chap. 700.

A transfer tax being not on property but on the right of succession, section 221-b of the Tax Law, added by chapter 700 of the Laws of 1917, which provides for an additional tax on investments in certain cases, means that the right of an individual or corporation to succeed a decedent to the possession of unstamped securities shall be taxed at the rate of five per cent on their value in addition to the tax already imposed by other provisions of law relating to the tax on transfers; said section would thus vary the rate of tax imposed, depending upon whether the decedent in his lifetime, and prior to the accrual of the right of succession, had paid taxes on his personal property or had affixed stamps to the securities, and would constitute a discrimination and not a classification; said section is, therefore, repugnant to the Constitution of the state in that it deprives of their property without due process of law those particular individuals who succeed to the possession of the property of the particular individuals who have not stamped their securities or paid a personal tax.

APPEAL from an order fixing and assessing the transfer tax.

Eustace Conway, for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

COHALAN, S.  The decedent died on the 18th day of August, 1917, leaving a gross estate amounting to $492,803.85.  Of this sum $232,593.72 consisted of

investment securities. The decedent was assessed and paid taxes on his personal property in the sum of $30,000 for several years prior to October 1, 1914, but had not paid personal taxes from that time to the date of his death. None of these securities of which the testator died possessed was stamped pursuant to the provisions of the Tax Law. In his report the appraiser has classified the securities in the following manner: Under paragraph 7 he has listed the bonds secured by deeds of trust or mortgages recorded in the state of New York. He has reported as to this group that no tax is due, pursuant to the provisions of section 221-b as added by chapter 700 of the Laws of 1917. In paragraph 8 the appraiser has set forth investments acquired by the decedent prior to October 1, 1914, and reports that there is no tax due thereon under section 221-b because, during the period of their ownership by the decedent, a personal property tax in the sum of $30,000 was paid. The remaining securities are listed under paragraph 9 of the report, and are those acquired by the decedent subsequently to October 1, 1914. Their value is fixed by the appraiser at the sum of $59,284.54 and he reports a tax due thereon pursuant to the provision of section 221-b. Appeals have been taken by the attorney for the state comptroller and the attorney for the estate from the report of the appraiser and the order fixing tax. The state comptroller appeals on the ground that the appraiser erred in not reporting all the securities subject to the tax provided for by section 221-b. The executors appeal on the ground that section 221-b of the Tax Law is in contravention of section 6, article 1, section 24 of article 3, and section 17 of article 3 of the State Constitution. Section 6 of article 1 is the provision which protects against the taking of the property without due process of law. The other provisions of the Constitu-

tion which the executors claim are violated by the statute in question need not be here discussed, because of the conclusions which I have reached. Chapter 700 of the Laws of 1917 is entitled ''An act to amend the tax law, in relation to the tax on investments and transfers.'' By section 1 of the act, article 15 of chapter 62 of the Laws of 1909 is amended. Section 2 of chapter 700 of the Laws of 1917 adds section 221-b which is as follows: ''Additional tax on investments in certain cases. Upon every transfer of an investment, as defined in article fifteen of this chapter, taxable under this article, a tax is hereby imposed, in addition to the tax imposed by section two hundred and twenty-one-a, of five per centum of the appraised inventory value of such investment, unless the tax on such investment as prescribed by article fifteen of this chapter or the tax on a secured debt as defined by former article fifteen of this chapter shall have been paid on such investment or secured debt and stamps affixed for a period including the date of the death of the decedent or unless the personal representatives of decedent are able to prove that a personal property tax was assessed and paid on such investment or secured debt during the period it was held by decedent; or unless the decedent was actually engaged in the *bona fide* purchase and sale of investments as a business, and at the time of his death had maintained an office or place of business in this state for the carrying on of the actual *bona fide* business of purchasing and selling investments, as distinguished from the purchase thereof for investment purposes, and had owned and held such investment for sale for the purpose of his business and not as investment for a period of not more than eight months prior to his death.'' Section 3 provides that section 2 of the act shall take effect July 1, 1917. The act

Misc.] Surrogate's Court, New York County, July, 1918.

became a law on June 1, 1917. The question of whether the owners of investments affected by the act were not given sufficient notice between the date of the passage of the act and the time when it became operative, so as to have their securities stamped or to pay their personal taxes, is in my opinion immaterial. It was within the undoubted prerogative of the legislature to enact a law increasing the rates of tax on transfers which would take effect immediately on its passage, and if there were no other objection to its validity the fact that persons then living would not have an opportunity to adjust their affairs to meet the situation created by the new act could not be successfully urged against its constitutionality. It is in the provisions of the act itself that the vice lies. It has been held by the Supreme Court of the United States (*United States* v. *Perkins,* 163 U. S. 625, 627, affg. *Matter of Merriam,* 141 N. Y. 479) and by our state court (*Matter of Swift,* 137 N. Y. 77; *Matter of Hoffman,* 143 id. 327; *Matter of Vanderbilt,* 172 id. 69) that the transfer tax is not a tax on property, but on the right of succession. Substituting this definition in interpreting section 221-b, that statute means that the right of an individual or corporation to succeed a decedent to the possession of unstamped securities shall be taxed at the rate of five per cent on their value, in addition to the tax already imposed by the other provisions of law relating to the tax on transfers. The transfer of the property takes place at the moment of death (*Matter of Seaman,* 147 N. Y. 69), and it is the right which accrues to the beneficiary at that time which is taxed by the Transfer Tax Act. The law here under consideration would vary the rate of tax imposed, depending upon whether the decedent in his lifetime, and prior to the accrual of the right of succession, had paid taxes on his personal property or

has affixed stamps to the securities. Such a provision constitutes a discrimination and not a classification and is repugnant to the Constitution in that it deprives of their property without due process of law those particular individuals who succeed to the possession of the property of the particular individuals who have not stamped their securities or paid a personal tax. In the case of *Matter of Pell,* 171 N. Y. 48, Judge Bartlett, writing the opinion of the court, in which chapter 76 of the Laws of 1899 imposing a transfer tax upon remainders was declared unconstitutional, said (p. 59) : '' Where the statute declares that the owners of a particular class of property, acquired at a particular time, shall be taxed, it is equivalent to naming the owners of such property; it is in no sense a general classification.'' The act here under discussion likewise fails to establish a general classification. It goes further than to discriminate against the recipients of a certain class of property and provides that transferees of the same class of property shall be taxed at different rates depending upon whether the transferor did or did not stamp his securities or pay personal taxes. The act in question offends against the Constitution in another particular. It provides that the transfer of investments or securities of the character described in the act as being liable for the tax shall be free from the imposition thereof if the decedent was actually engaged in the purchase and sale of investments as a business. The provision just referred to was taken *verbatim* from section 336 of the Tax Law, which is entitled '' No deduction of debts against taxable investment.'' The substance of the last named section is that the owner of unstamped investments shall be assessed on the fair market value thereof, without deduction for his debts, unless he shall be actually engaged in the purchase and sale of such

investments as a business. While this provision is unobjectionable as a part of section 336 of the Tax Law, it cannot be defended as a provision for the imposition of a transfer tax. The law might with equal show of reason or validity provide that no tax should be assessed on the real estate of which a decedent died possessed if the said decedent happened to be in the real estate business. There is no support in law for an enactment which would give to the beneficiaries of the estate of a banker or broker immunity from the tax, while those who derive the same kind of property from individuals in other industries would be compelled to pay the additional impost. In *Matter of Pell, supra,* Judge Bartlett, speaking of the decision of the United States Supreme Court in *Cotting* v. *Kansas City Stock Yards Co.,* 183 U. S. 79, said (p. 58): " The case from which we have quoted above involved the validity of the Illinois trust statute of 1893, which was alleged to be in violation of the fourteenth amendment of the Constitution of the United States. The act was held unconstitutional for the reason that the first section thereof embraced all persons, firms, corporations or association of persons who combine their capital, skill or acts for any of the purposes specified, while the ninth section declares that the statute shall not apply to agriculturists or live stock dealers in respect of their products or stock on hand. This discrimination was held to render the statute invalid." The provision of section 221-b exempting from the operation of the tax the estates of individuals engaged in the brokerage business contravenes the Constitution in precisely the same way. Even if it were not repugnant to the Constitution, the provisions of the act would be found in their practical application to create such difficulties as to render the repeal of the act desirable. It would appear also that payment of the tax

might in some cases be readily evaded. The tax is imposed on the transfer of the investments. If there is no transfer there can be no tax. There is nothing to prevent the executor or an administrator of an estate from satisfying the debts and administration expenses of the estate out of the securities liable to the additional tax and thus escape the impost. In fact, if an estate consisted entirely of securities subject to the tax, it would be necessary to exempt from the operation of the act such of the investments as were used to liquidate the debts and expenses of the estate. However desirable it may be that legislation be enacted which would serve to check the notorious evasion of the payment of personal taxes, I think the result must be accomplished by some means other than that prescribed by the act now under consideration. As this court is one of first resort, the constitutionality of the act would ordinarily be presumed, but the statute so clearly offends against the provisions of the Constitution that I am constrained to sustain the appeal of the executors on the ground that the act is unconstitutional and void. The report will therefore be returned to the appraiser for the purpose of eliminating the finding that the securities enumerated under paragraph 9 are subject to the tax imposed by section 221-b of the Tax Law as added by chapter 700 of the Laws of 1917.

Appeal sustained.