In the Matter of the Transfer Tax upon the Estate of
CHARLES W. WATSON, Deceased.
COMPTROLLER OF THE STATE OF NEW YORK, Appellant;
ANNA H. WATSON and FREDERICK WATSON, as Executors,
etc., Respondents.

First Department, January 10, 1919.

Tax — purpose of section 221-b of Tax Law providing additional tax
on investments — transfer tax must have direct relation to right
of succession — constitutional law — due process of law — equal
protection of the laws.

The obvious purpose of section 221-b of the Tax Law was by the imposition
of a heavy penalty to enforce the payment of a tax on investments.

A transfer tax must necessarily have a direct relation to the right of
succession.

Section 221-b of the Tax Law, imposing a penalty for non-payment of
the stamp tax to be levied and collected as a transfer tax, is, in its spirit,
terms and inevitable result, in violation of the constitutional guaranties
of due process of law, and the equal protection of the laws and, therefore,
is invalid.

Arbitrary classifications which have no relation to the purpose of the statute
and rest on no substantial difference in fact, but which cause discrimi-
nation and inequality between persons situated in like circumstances, are
unconstitutional as denying the equal protection of the laws.

APPEAL by the Comptroller of the State of New York
from an order of the Surrogate's Court of the County of New
York, entered in the office of said Surrogate's Court on the
13th day of September, 1918, affirming a prior order fixing
the transfer tax herein, with notice of an intention to bring
up for review two other orders entered in the office of said
court on the 12th day of April, 1918, and the 1st day of
August, 1918, respectively.

In this proceeding the transfer tax appraiser fixed the tax
imposed by section 221-b of the Tax Law (Consol. Laws,
chap. 60 [Laws of 1909, chap. 62], as added by Laws of 1917,
chap. 700).

*Schuyler C. Carlton* of counsel [*Lafayette B. Gleason*, attor-
ney], for the appellant.

*Eustace Conway*, for the executors, respondents.

*Malcolm S. McN. Watts* of counsel [*Edward R. Greene* with him on the brief; *Stetson, Jennings & Russell,* attorneys], for United States Trust Company of New York and Guaranty Trust Company of New York, as executors, parties similarly situated to respondents.

*Louis O. Van Doren* of counsel [*Herrick McClenthen* with him on the brief], for Title Guarantee and Trust Company, as executor and trustee, a party similarly situated to respondents.

SHEARN, J.:

The section of the Tax Law in question is found in chapter 700 of the Laws of 1917, entitled " An act to amend the Tax Law, in relation to the tax on investments and transfers." It is in form an amendment of article 15 of the Tax Law (Consol. Laws, chap. 60 [Laws of 1909, chap. 62], added by Laws of 1916, chap. 261, as amd. by Laws of 1917, chap. 39), which provides for a tax on " investments " as therein defined. After amending so as to provide for a tax of twenty cents a year on each $100, instead of seventy-five cents on each $100 for five years, and making various other amendments in eleven sections numbered 330 to 340, this section 221-b is inserted, reading as follows:

" § 221-b. Additional tax on investments in certain cases. Upon every transfer of an investment, as defined in article fifteen of this chapter, taxable under this article, a tax is hereby imposed, in addition to the tax imposed by section two hundred and twenty-one-a, of five per centum of the appraised inventory value of such investment, unless the tax on such investment as prescribed by article fifteen of this chapter or the tax on a secured debt as defined by former article fifteen of this chapter shall have been paid on such investment or secured debt and stamps affixed for a period including the date of the death of the decedent or unless the personal representatives of decedent are able to prove that a personal [property] tax was assessed and paid on such investment or secured debt during the period it was held by decedent; or unless the decedent was actually engaged in the *bona fide* purchase and sale of investments as a business,

First Department, January, 1919.          [Vol. 186.

and at the time of his death had maintained an office or place of business in this State for the carrying on of the actual *bona fide* business of purchasing and selling investments, as distinguished from the purchase thereof for investment purposes, and had owned and held such investment for sale for the purpose of his business and not as investment for a period of not more than eight months prior to his death."

The surrogate (104 Misc. Rep. 212) has held that the section offends the Constitution in that it takes property without due process of law and denies the equal protection of the laws. (See State Const. art. 1, § 6; U. S. Const. 14th Amendt. § 1.)

The obvious purpose of the statute was, by the imposition of a heavy penalty, to enforce the payment of the tax on investments. However commendable the object, it must be accomplished by laws that are equal in their application if the additional impost be in the nature of a direct tax; and, if intended as a transfer tax, the classification which determines the exaction of the tax must have some direct relation to the right of inheritance. The State Comptroller practically concedes that this is a transfer tax but, while claiming it valid as such, seeks also to sustain it as a direct tax. We think it clear that this penalty was not intended to be imposed as a direct tax, but as a transfer tax. Assuming it to be a direct tax, it is as such plainly unconstitutional. As a direct tax it imposes a penalty of five per cent for non-payment of the stamp tax. The omission, being the occasion for the penalty, should determine the application of the penalty. The decedent may have omitted to stamp his securities in compliance with article 15, or former article 15, and the securities he owned may pass to a beneficiary who, by the operation of the usual exemptions, pays no transfer tax, and in this event the omission of the decedent to duly comply with the law goes unpunished. On the other hand, the decedent's securities may descend to a beneficiary who has to pay a tax under the operation of the normal Transfer Tax Law, and in that event the decedent's omission is punished by the infliction of the additional tax upon the beneficiary. It is not the existence of the omission which determines the application of the penalty, but whether the transfer of the

particular securities is or is not subject to the Transfer Tax Act. This is neither due process of law, nor does it afford all persons the equal protection of the laws. But it is not a direct tax; its place in the statute and the machinery of the law provided for its collection plainly show that the additional tax was intended to be levied and collected as a transfer tax and under the provisions of the Transfer Tax Law.

As a transfer tax, it is so arbitrary in respects having no relation to inheritance or to principles of inheritance taxation that it is unconstitutional. All laws of inheritance look with indifferent eye upon the kind of property transferred. This statute singles out a particular kind of property for a heavy additional charge, which is imposed according to the existence of circumstances which have nothing to do with the process of inheritance. As illustrated by counsel: In the event that a decedent leaves by will a trust to pay the income for life to a son, the remainder to his children, and a similar provision is made for a daughter, and further, supposing that the fund set apart for the son is composed of cash or corporate stocks, while the daughter's fund is composed of untaxed bonds, if the factors of income and expectancy are equal, the State must tax the daughter's interest in the decedent's estate at six times the amount which the trust fund in favor of the son and his children is taxed. Again: Should a son inherit $5,000 from his parent under a specific legacy in a will consisting of named bonds on which no tax has been paid, either under article 15 or former article 15 of the Tax Law (which inheritance standing alone would be exempt), the additional tax of five per cent on the assessed value of the bonds provided by section 221-b would not be levied for the reason that there would not, under the terms of the Transfer Tax Law, be any transfer tax payable upon the inheritance. On the other hand, should a daughter under a specific legacy inherit an equal par value of designated bonds, likewise untaxed, but which bonds were worth more than par, so that a small tax was due upon her inheritance under the Transfer Tax Law, the five per cent additional tax would be assessed against the daughter upon the value of the bonds at least to the extent of such excess. Thus this amendment separates out investment securities from all others, not because there is any

difference in the process of inheriting them, but merely to aid in enforcing an entirely different statute.

A penalty of five per cent for the misdeeds or omissions of a decedent cannot be lawfully imposed upon the innocent beneficiaries as a transfer tax. The transfer tax is a succession tax on the right of devolution of property of decedents. The fact of a transfer or succession is essential and fundamental. This is recognized in *Matter of Wendel* (223 N. Y. 433, 441). A transfer tax must necessarily have a direct relation to the right of succession. A payment forced out of one party to pay for the debt or default of another has no relation to the right of succession, which is the basis of the transfer tax. Non-payment of the stamp tax by the decedent does not affect the title to the securities upon which each beneficiary is taxed. This additional tax is not paid for the privilege of inheriting property of a decedent, but to punish the decedent for not paying a stamp tax to the State. The tax is not based on the value of the property, but is arrived at by arbitrarily increasing the rate on one class of property, and is or may be without relation to the value of the property received by the legatee as compared with the value of another's legacy. Not only does this statute thus depart from the established theory of an inheritance or succession tax, but it violates the established process of inheritance, with its preferences, which is the fundamental policy of the law in matters of inheritance, whereby the blood of the decedent has always been favored as to taxation and otherwise over collaterals and strangers, both in the process of inheritance and in the taxes levied upon it.

Another glaring instance of arbitrary classification found in this act, having no relation to the right of succession, is its classification of taxpayers. It provides that the transfer of investments as securities of the character described in the act as being subject to taxation shall be free from the imposition of the tax if the decedent was actually engaged in the *bona fide* purchase and sale of investments as a business. As it was pertinently said by the learned surrogate: " The law might with equal show of reason or validity provide that no tax should be assessed on the real estate of which a decedent died possessed if the said decedent happened to be in the real

estate business. There is no support in law for an enactment which would give to the beneficiaries of the estate of a banker or broker immunity from the tax, while those who derive the same kind of property from individuals in other industries would be compelled to pay the additional impost." Not only does this arbitrary classification have no relation to the right of succession, but it is not even general and falls within the condemnation of *Cotting* v. *Kansas City Stock Yards Co.* (183 U. S. 79).

The State Comptroller does not dispute that this tax is arbitrary and without relation to heritability of property, but cites cases in which classifications contained in transfer tax laws have been arbitrary and yet the laws have been sustained. But in every such case, except *Beers* v. *Glynn* (211 U. S. 477), the classification bore a reasonable and just relation to the act in respect of which the classification was made, namely, succession or heritability. Such classifications, based upon the amount that each inheritor receives, and upon the closeness of relationship to the decedent, are held not to be arbitrary but to bear a just and proper relation to the act in respect of which the classification is made. (*Magoun* v. *Illinois Trust & Savings Bank*, 170 U. S. 296; *Campbell* v. *California*, 200 id. 87.) In the case of *Beers* v. *Glynn* (*supra*), cited by the appellant, the discrimination was in the machinery of the law assessing the tax and not any intentional exemption on the part of the Legislature, or any attempt on its part to classify foreign estates.

The learned counsel for the appellant earnestly contends that the statute may be upheld on the principle that the Legislature may provide that property shall not pass by inheritance until it has yielded its contribution to the State. There can be no doubt that the Legislature has the right so to enact, provided the statute be of general application and free from arbitrary discrimination and inequalities. But this is not such a statute. Considering it to be the settled law that arbitrary classifications, which have no relation to the purpose of the act and rest on no substantial difference in fact, but which cause discrimination and inequality between persons situated in like circumstances, are unconstitutional, as denying the equal protection of the laws (*Gulf, Colorado*

*& Santa Fé Railway* v. *Ellis*, 165 U. S. 150), and finding that this act in its spirit, its terms and in its inevitable result, plainly violates the constitutional guaranties of due process of law and the equal protection of the laws, we have no recourse except to declare it invalid.

Several other grounds are urged for holding the amendment to be unconstitutional, and it is contended that it is utterly unworkable in its present form, but, in the view we take of it, it is unnecessary to consider these points.

In the brief submitted by permission of the court on behalf of the Title Guarantee and Trust Company, as executor of a party situated similarly to the respondents, a vigorous attack is made upon the constitutionality of article 15 of the Tax Law, but, as we do not regard the point as necessarily involved, we refrain from passing upon it.

The order appealed from should be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and MERRELL, JJ., concurred.

Order affirmed, with costs.