Matter of the Estate of WILLIAM H. YAWKEY, Deceased.

(Surrogate's Court, New York County, April, 1921.)

Transfer tax — appraisal — when accrued interest on investments should not be included in valuation — Tax Law, § 221-b.

In fixing under section 221-b of the Tax Law, the additional tax of five per cent on investments left by a decedent who died in May, 1919, it is improper to include in the valuation, the accrued interest on the investments to the date of decedent's death.

The system of transfer tax appraisers in reporting valuations, to include the market value of investments plus interest, is one of convenience only, and cannot be used to sustain a transfer tax under section 221-b of the Tax Law.

APPEAL from an order fixing the transfer tax.

Hughes, Rounds, Schurman & Dwight (Charles E. Hughes, Jr., of counsel), for executors.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for State Comptroller.

Surrogate's Court, New York County, April, 1921.    [Vol. 115.

FOLEY, S.   The executors appeal from the order fixing the transfer tax on the ground that the tax provided by section 221-b of the Tax Law has been imposed on the accrued interest as well as the principal of the investment.   The testator died May 5, 1919.   The gross value of the investments left by him is found in the report of the appraiser to be approximately $4,200,000.   This valuation includes the accrued interest on these investments to the date of death amounting to $52,422.29.   The additional tax of five per cent has been computed on this item of interest.

The material part of section 221-b reads as follows: " Upon every transfer of an investment, as defined in article fifteen of this chapter, taxable under this article, a tax is hereby imposed, in addition to the tax imposed by section two hundred and twenty-one-a, of five per centum of the appraised inventory value of such investment, unless the tax on such investment as prescribed by article fifteen of this chapter or the tax on a secured debt as defined by former article fifteen of this chapter shall have been paid on such investment or secured debt and stamps affixed for a period including the date of the death of the decedent or unless the personal representatives of decedent are able to prove that a personal property tax was assessed and paid on such investment or secured debt during the period it was held by decedent."   The constitutionality of this section was sustained by the Court of Appeals in *Matter of Watson*, 226 N. Y. 384, revg. 186 App. Div. 48.   The United States Supreme Court has recently sustained the decision of the Court of Appeals.   The history and purpose of the statute and its plain language require that this appeal be sustained.

It appears that the system of assessing personal

property, and particularly bonds, throughout the state had been unsatisfactory, and that bonds easily and persistently escaped taxation in the localities by reason of their form. Thereupon the legislature, by various enactments beginning with 1911, provided for a relatively light stamp tax upon registration, of secured debts or investments with the state comptroller. The statute was permissive and not compulsory, the alternative being that if the bonds were not stamped, they were subject to assessment by the locality and no deduction for debts was permitted. The opinion of Judge Crane points out that the state had the power to place an inheritance tax upon property which had escaped taxation during the lifetime of the decedent. He states at page 401 of his opinion, *supra:* " It is a flat tax of five per cent upon the transfer of property not theretofore taxed as specified. Reference to the *investments* taxable under this article means the *investment securities* specified by article XV (Tax Law) passing by inheritance and taxed as stated in article X." Italics mine.

Section 330 of article 15 of the Tax Law defines the word " investments," and it is sufficient to say that it does not include within that term the word " interest."

The language of the various sections applicable is clear and unambiguous. The original stamp tax in the lifetime of the decedent is upon the principal of the investment only. The additional tax after death upon the transfer of this same investment must, therefore, be levied only upon the value of the principal of the investment.

If the property escapes taxation in the lifetime of decedent, the increased rate is to be imposed only upon the value of the principal in the transfer tax proceedings. There is no escape from the meaning

Surrogate's Court, New York County, April, 1921.    [Vol. 115.

of the words of the statute; explanation cannot clarify them, and the citation of authorities would only confuse their significance.

The comptroller contends that the words " appraised inventoried value " in section 221-b mean the inventoried value found by the appraiser. Accrued interest to the date of death is, of course, an asset taxable at the rates contained in section 221-a. By custom, valuations in the appraisers' reports have always included market value of the bonds, plus interest. This system has been one of convenience only, and cannot be used to sustain a tax under section 221-b. Nor does his contention that bonds are sold upon the various stock exchanges with accrued interest to the date of sale affect the result here. The purchaser necessarily pays the accrued interest on the current coupon to the vendor, but he is reimbursed for the amount of his advance of interest, when the coupon becomes due and is paid by the obligor. The item of interest is not part of the purchase price of the bond itself. Section 221-b was repealed by chapter 641 of the Laws of 1920. At the same session the article of the Tax Law relating to the tax on investments was repealed by chapter 646. The additional tax of five per cent on interest is improper and the appeal is sustained. I am aware that a contrary decision has been rendered in *Matter of Peck,* N. Y. L. J. March 3, 1920, and *Matter of Kolb,* 114 Misc. Rep. 361. For the reasons given I am compelled, however, to disagree with the determinations in those cases.

Appeal sustained.