that had been collected from real estate and rentals. The administrator at first stated that this money was collected from Mr. Hayes' real estate, and subsequently modified his testimony by saying that it was collected from the real estate of both Mr. and Mrs. Hayes. It appears that Mr. Hayes had over 25 houses, and that Mrs. Hayes had but two, and, therefore, in the ordinary course of events, if it was from their joint lands the vast proportion of it was collected from the real estate of Mr. Hayes.

The administrator has made no attempt to account for this money which he has collected, and it is impossible for him at this time to say how much if any of it was collected from the property of Mrs. Hayes; but he admits that he did know at the time that the money was deposited, what proportion of it belonged to Mr. Hayes. It seems to me, under those circumstances, that the confusion, if any, which exists in regard to this matter was caused by the negligence of this administrator, and I shall therefore hold that this administrator should be surcharged with the amount of $231.50, with interest thereon from the date that it was drawn out by Mrs. Hayes.

This estate has certainly been very badly managed, and there have been other acts which it is unnecessary to comment upon and discuss.

It is apparent from the testimony of the administrator that he was aware from time to time of many of these mistakes made by his attorney. It seems to me, therefore, that when he is surcharged with this large amount, it would be improper to allow him the costs and referee's fees herein, and that they should be charged against him personally, and that he should not receive any commissions for his acts as such administrator. Let a decree be settled accordingly on notice.

Decreed accordingly.

---

(40 Misc. Rep. 505.)

### In re CUSHING'S ESTATE.

(Surrogate's Court, New York County. April, 1903.)

1. TRANSFER TAX—PROPERTY SUBJECT—NATIONAL BANK STOCK.
   Where a national bank does business in the state, the estate of a nonresident stockholder is subject to a transfer tax, though the certificate of stock is without the state.
2. DOMESTIC CORPORATIONS.
   A corporation created and organized under the federal law is a domestic corporation in each state in which it transacts business.

Appeal from Order Fixing Transfer Tax.

In the matter of the estate of Thomas F. Cushing, deceased. From an order fixing the transfer tax, the executors appeal. Affirmed.

Flamen B. Candler, for appellants.
Arthur S. Tompkins, for respondent.

FITZGERALD, S. The property sought to be subjected to the transfer tax consists of 100 shares of stock of the National Bank of Commerce of the City of New York. The appellants claim that the

¶ 2. See Corporations, vol. 12, Cent. Dig. § 2488.

assessment and taxation of this stock was erroneous, for the reason that the decedent was a nonresident, and the stock certificate was without the state.

In legal contemplation the property of the shareholder is where the corporation exists. It consists of his right to share in the net produce, and eventually in the net residuum of the corporate assets resulting from liquidation. Matter of Bronson's Estate, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632; Matter of James, 144 N. Y. 6, 38 N. E. 961; Matter of Enston's Will, 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464. In Jermain v. Lake Shore & M. S. R. Co., 91 N. Y. 492, Judge Earl says:

"A share of stock represents the interest which the shareholder has in the capital and net earnings of the corporation. * * * Shares of stock should be distinguished from certificates of stock, which are merely evidences as to the number of shares to which the holder of the certificate is entitled."

The theory upon which the courts have proceeded in taxing nonresidents upon their interests in domestic corporations is that it is an investment of capital in this state, and that to hold otherwise would result in an unfair discrimination against inhabitants of this state. Judge Vann, in the Matter of Bronson's Estate, supra, who concurred with the majority of the judges as to the taxability of the stock of domestic corporations, in his opinion says:

"The decedent placed his property in this state, and thereby impliedly committed it to the jurisdiction of our laws, then in force and such as might be enacted thereafter; and property subject in any respect to the laws of a state, even if only as regards the transfer thereof, must, if required, pay its share toward the enforcement of those laws. Look for a moment at the consequences of holding otherwise. Business corporations might be organized in this state wholly upon foreign capital, a few shares being held in the name of resident directors to make the organization regular, and yet none of the stock, however valuable, be subject to a succession tax. This would tend to drive business corporations into foreign ownership. If the stock of a corporation belonged one-half to residents and one-half to nonresidents, the former would be taxable, but the latter not, and thus an unfair discrimination would be made against inhabitants of this state."

The appellants urge that the transfer of stock belonging to a nonresident decedent can be taxed only where the shares are those of a domestic corporation; that the National Bank of Commerce of New York is a foreign corporation, and consequently the present transfer is exempt. A corporation created and organized under federal law is a domestic corporation in each state in which it transacts business. Its residence is the place in which it is authorized to conduct its corporate affairs. A national bank exists solely in the locality where it is empowered to do business, and the federal statutes provide expressly for the taxation of their shares by the state within whose boundaries the association is located, subject to the prohibition of the taxation of such an investment at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such state. Sections 5181, 5190, 5219, Rev. St. U. S. [U. S. Comp. St. 1901, pp. 3481, 3486, 3502]; People, etc., v. Coleman, 135 N. Y. 231, 31 N. E. 1022; Am. & Eng. Cycl. of Law, vol. 7, p. 694.

Our own Code of Civil Procedure (section 3343, subd. 18) declares that:

"A 'domestic corporation' is a corporation　*　*　*　located in the state and created by or under the laws of the United States."

And Congress has enacted that:

"All national banking associations established under the law of the United States shall, for the purpose of all actions by or against them, real, personal or mixed, and all suits in equity, be deemed citizens of the state in which they are respectively located; and in such cases the Circuit and District Courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state." 1 Rev. St. U. S. Supp. (2d Ed.) p. 614.

In Cooke v. State N. B. of B., 52 N. Y. 96–111, 11 Am. Rep. 667, Chief Justice Church quotes with approval the opinion of Wayne, J., in the Letson Case (L., C. & C. R. v. Letson, 2 How. 497, 11 L. Ed. 353), that:

"A corporation created by and doing business in a particular state is to be deemed to all intents and purposes as a person, although an artificial person, an inhabitant of the same state for the purposes of its incorporation, capable of being treated as a citizen of that state as much as a natural person."

And at page 112, 52 N. Y., 11 Am: Rep. 667:

"Their location [i. e., national banking associations] and place of business are fixed by the law of their creation. They are made inhabitants of the state for the purposes of taxation, and a majority of their managing officers are required by law to reside in the states of their respective location. *　*　* These banks should be deemed citizens of the states where by law they are located."

Order affirmed.