### In re LYON'S ESTATE.

(Supreme Court, Appellate Division, First Department.  April 21, 1911.)

1. CORPORATIONS (§ 634*)—FOREIGN CORPORATIONS—DOMESTICATION.

 A corporation incorporated in one state may be made a corporation of another state by legislative enactment.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2497–2502; Dec. Dig. § 634.*]

2. TAXATION (§ 876*)—TRANSFER TAX.

 Laws 1894, c. 649, provides that all persons who are now or may hereafter become members of the American Baptist Missionary Union, incorporated in Pennsylvania, are hereby constituted a body corporate by the name of "the American Baptist Missionary Union."  The Legislature of Massachusetts also enacted a statute making such union a body corporate in that state.  The organization is a single body, having its principal office in Boston, Mass.  *Held*, that a bequest to "the American Baptist Missionary Union (Boston, Mass.)," was to a domestic corporation, so that a transfer tax could not be imposed thereon; the Union being in effect one body, and constituting a domestic corporation in New York, though theoretically consisting of distinct legal entities in the three states in which it was incorporated.

 [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1690; Dec. Dig. § 876.*]

 Dowling, J., dissenting.

Appeal from Special Term, New York County.

In the matter of the transfer tax upon the estate of Mary J. Lyon. From an order affirming an order affixing and assessing a transfer tax on a legacy, an appeal is taken.  Reversed, and order of assessment modified, as stated.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Mornay Williams, for appellant.

Thomas E. Rush, for respondent State Comptroller.

MILLER, J.  This appeal involves the taxability of a bequest to "the American Baptist Missionary Union (Boston, Mass.)," and the decision turns on whether the said legatee is a domestic corporation.

[1] It was originally a Pennsylvania corporation, being incorporated in 1821 under the name "The General Convention of the Baptist Denomination in the United States for Foreign Missions and Other Important Objects Relating to the Redeemer's Kingdom."  On the 13th of March, 1846, an act of the Legislature of the state of Pennsylvania (P. L. 122) providing that it should "exist as a body corporate and politic, and be known by the name, style and title of the American Baptist Missionary Union," became a law; and in the same year the Legislature of Massachusetts enacted (St. 1846, c. 248) that it should be "continued a body corporate, with all the powers and privileges and subject to all the duties, liabilities and restrictions set forth in the 44th chapter of the Revised Statutes as far as applicable.".

Chapter 649 of the Laws of 1894 of this state provides:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"All such persons as now are or may hereafter become members of the American Baptist Missionary Union, incorporated in the state of Pennsylvania, March thirteenth, eighteen hundred and forty-six, for the purpose of diffusing the knowledge of the religion of Jesus Christ by means of missions throughout the world, shall be and hereby are constituted a body corporate by the name of 'The American Baptist Missionary Union.' "

It is not disputed that the American Baptist Missionary Union (or Society) is a single body, having a single organization; nor is it disputed that it was reincorporated in this state, so as to become a domestic corporation; the rule being recognized that a corporation of one state may be made a corporation of another state by the Legislature of the latter. See Louisville, N. A. & C. R. Co. v. Louisville Trust Co., 174 U. S. 552 (and cases cited by Mr. Justice Gray at page 562), 19 Sup. Ct. 817, 43 L. Ed. 1081.

[2] The respondent, however, contends that there is a distinct corporate entity in each state where the defendant is incorporated, and that by the use of the words "Boston, Mass.," the testatrix indicated her intention to give to the Massachusetts corporation. The respondent relies upon a class of cases involving the union, consolidation, or merger of distinct corporations; e. g., Nashua & Lowell R. R. Corporation v. Boston & Lowell R. R. Corporation, 136 U. S. 356, 10 Sup. Ct. 1004, 34 L. Ed. 363. A consolidation of two or more distinct corporations is very different from the incorporation of a single body by two or more states. Moreover, in the cases referred to, the question involved was the jurisdiction of the federal courts, dependent upon diversity of citizenship.

Theoretically it may be said that there is a distinct legal entity in each of the three states; but the substance is the same in all. It is a single body, possessing the franchises and privileges of a domestic corporation in three states. To say that the bequest is to a foreign corporation merely because the testatrix named the place where its principal office is located is to substitute form for substance. If she had distinctly said that she intended the bequest to go to the New York corporation, it would have gone into the same treasury and have been disbursed in the same manner and by the same people.

It is difficult to understand the purpose of the Legislature in incorporating the appellant in this state, if not to enable it to receive bequests without being subject to the payment of a tax.

The order should be reversed, and the order assessing the tax should be modified, by deducting the amount of the legacy to the appellant from the amount of the taxable estate, with $10 costs and disbursements for the appellant.

INGRAHAM, P. J., and McLAUGHLIN and SCOTT, JJ., concur. DOWLING, J., dissents.