sions of the Code in bringing on his supposed appeal for argument. Under section 3062 the appeal could only have been brought on for hearing by a notice of not less than 8 days. No notice whatever was given, and the plaintiff was wholly ignorant of the time and place of the argument and of the fact that the defendant was about to appear in court to ask for a reversal of his judgment. The plaintiff never had his day in court.

[1-3] It follows that the County Court acquired no jurisdiction in the case; that is, acquired no right to hear the supposed appeal. "Jurisdiction is the power to consider and decide one way or the other, as the law may require." Geneva Furniture Co. v. Karpen, 238 U. S. 259, 35 Sup. Ct. 788, 59 L. Ed. 1295. A County Court only acquires power to "consider and decide" an appeal from a Justice's Court when the appeal is taken within the statutory 20 days from the date of the entry of the judgment in the justice's docket, and he can only "consider and decide" the appeal when it is brought on for argument by an 8 days' notice. Neither of these requirements were observed; hence the county judge was not clothed with any power to consider the matter or pass judgment upon it. No matter how apparent the irregularities before the justice of the peace may have been, the County Court never having been vested with jurisdiction, it could not vacate those irregularities, or even consider them. As soon as this situation was pointed out to the county judge, it was his duty to vacate his judgment, rendered without jurisdiction.

The plaintiff proceeded properly in asking the county judge to vacate the judgment, and the failure of that court to do so was error. It follows that the order of the County Court should be reversed, with costs.

Order of the County Court reversed, with costs. All concur; LYON and COCHRANE, JJ., in result, on the ground that notice of hearing of the appeal was not given in the County Court.

---

(173 App. Div. 436)

## In re GROOT'S ESTATE.

(Supreme Court, Appellate Division, Third Department. June 30, 1916.)

CHARITIES ⬅21(2)—VALIDITY OF BEQUEST—CERTAINTY.

A gift by will of the residue of the estate, both real and personal, to a trustee, out of the principal sum invested and the income thereof, to make "such reasonable charitable donations, contributions of gifts, to such persons, corporations, associations or institutions in the town of G., as may, in the judgment of my said trustee, be in need and worthy thereof," held a valid charitable trust, being sufficiently certain as to beneficiaries and purposes, under Personal Property Law (Consol. Laws, c. 41) § 12, and Real Property Law (Consol. Laws, c. 50) § 113, providing that no bequest to religious, educational, charitable, or benevolent uses, in other respects valid, shall be invalidated by the indefiniteness or uncertainty of persons designated as beneficiaries.

[Ed. Note.—For other cases, see Charities, Cent. Dig. § 45; Dec. Dig. ⬅21(2).]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Surrogate's Court, Albany County.

In the matter of the estate of Catheline E. Groot, deceased. An item of the will of said deceased was held valid, and Katherine B. Groot, administratrix, appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

William E. Woollard, of Albany, N. Y., for appellant.

Egburt E. Woodbury, Atty. Gen. (Alexander T. Selkirk, of Albany, of counsel), for respondent.

JOHN M. KELLOGG, P. J. By the tenth item of the will the residue of the estate, both real and personal, is given to a trustee:

"To invest and reinvest the same, and collect the income thereof, and from and out of the principal sum so invested and the income and interest collected as aforesaid, from time to time make such reasonable charitable donations, contributions of gifts, to such persons, corporations, associations or institutions in the town of Guilderland, Albany county, N. Y., as may, in the judgment of my said trustee, be in need and worthy thereof, he having been fully advised of my purposes and inclinations in that respect."

The administratrix with the will annexed, the sister and sole heir at law and next of kin of the testatrix (who is not mentioned in the will), contends that the above provision is void within Matter of Shattuck, 193 N. Y. 446, 86 N. E. 455. The respondent relies with confidence upon Matter of Robinson, 203 N. Y. 380, 96 N. E. 925, 37 L. R. A. (N. S.) 1023, and Matter of Cunningham, 206 N. Y. 601, 100 N. E. 437.

These cases construe the statutes which provide, in substance, that no gift, grant, or bequest to religious, educational, charitable, or benevolent uses, which shall in other respects be valid under the laws of this state, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same, and charges upon the Supreme Court, when necessary, the control and administration of such trusts. Section 12 of the Personal Property Law; section 113 of the Real Property Law.

In Matter of Robinson, supra, the provision of the will under consideration directed the trustees:

"To disburse the principal or interest, or both, of said fund in their discretion as follows, to wit: To provide shelter, necessaries of life, education, general or specific, and such other financial aid as may seem to them fitting and proper to such persons as they shall select as being in need of the same. Preference is to be given to persons who are elderly or disabled from work, and to persons who are Christians, of good moral character, members of one of the so-called evangelical churches, to wit, the Methodist, Baptist, Presbyterian, Congregational, Moravian, or Episcopal, and who are not addicted to the use of intoxicants or tobacco, nor to attendance at theatrical entertainments."

In that case a gift to an institution was not contemplated, but provision was made for persons who the trustees found to be in need, and the will was held valid.

In Matter of Cunningham, supra, the trust fund given to the executors was:

"To be by them applied in their best judgment and discretion to such charitable and benevolent associations and institutions of learning for the general uses and purposes of such associations and institutions as my said executors may select, and in such sums respectively as they may deem proper."

There the gift was not to be made to needy persons, but to charitable, benevolent, and educational institutions, clearly for the benefit of such needy persons, and the will was sustained.

In Stewart v. Franchetti, 167 App. Div. 541, 153 N. Y. Supp. 453, the testator gave a sum to his daughter Alice, adding:

"It being understood between us that she has to spend said amount in charity, both in the kingdom of Italy and in the city of New York."

This was held to be a gift for charitable uses and to create a valid trust.

It is unnecessary to consider whether the Robinson Case and the Cunningham Case are in strict accord with the Shattuck Case, for if there is a disagreement between them in any respect the later cases are the present law. The will in question contemplates the use of the money for charitable purposes only. The testatrix had no other intent. The trustee cannot part with the money, except by charitable gifts to the needy and worthy. A corporation cannot be selected as a beneficiary, unless it accepts the gift as a charitable one, and is in need and worthy of it. It cannot accept it for any other purpose than a charitable purpose, and the Supreme Court has the power and is charged with the duty of seeing that the moneys shall be devoted solely for charitable purposes among the needy and worthy. A worthy person, corporation, association, or institution cannot have the benefit unless in need, and no person, corporation, association, or institution can have any part of it, except as a charitable gift; that is, for a charitable use. The use of the word "need" emphasizes the charitable uses which the testatrix had in mind, as explained in Matter of Robinson, 203 N. Y. at page 386, 96 N. E. 925, 37 L. R. A. (N. S.) 1023.

We conclude, therefore, that the will devotes the remainder of the testatrix's estate to charitable uses and is valid, within the statutory provisions and the authorities cited.

The words in the will, "he having been fully advised of my purposes and inclinations in that respect," do not, in my judgment, affect to its disadvantage the validity of the will. It may be urged that the execution of the trust depends upon an undisclosed direction given by the testatrix to her trustee, and that the court cannot, therefore, say that the charitable purposes intended are fairly within the statute. We do not think the fund is put into the hands of the trustee to be paid according to verbal instructions given by the testatrix. The will places it in the judgment of the trustee, to bestow the charity upon the needy and worthy. The judgment of the trustee, and not the statement made to him by the testatrix, controls the disposition of the fund. We quote from Matter of Shattuck, 193 N. Y. 450, 86 N. E. 455:

"The intention of the testatrix in founding the trust is not expressed. Even if the trustee selected by the testatrix may be presumed to be familiar with her purpose and design, and to act upon such knowledge, his death would make it necessary for the court, in whom the title of the trust would rest, to direct in regard to its control and disposition."

In the light of that expression we cannot feel that this clause is to the prejudice of the trust.

The decree should be affirmed, with costs. All concur.