Matter of the Appraisal of the Estate of CAROLINE L. PRESTON, Deceased, Pursuant to the Tax Law.

(Surrogate's Court, Saratoga County, September, 1919.)

Transfer tax — what securities are not subject to an additional — jurisdiction — statutes — Tax Law, §§ 221-a, 221-b.

> Where certain securities not enumerated and defined in article 15 of the Tax Law are assessed for a transfer tax under the present section 221-b of the Tax Law in addition to the tax imposed by section 221-a of said statute, the transfer tax order will be modified by striking out such assessment on the ground that the surrogate was without jurisdiction.
>
> The investments subject under section 221-b of the Tax Law to an additional transfer tax of five per cent are expressly limited to those enumerated and defined in article 15 of the Tax Law.

APPLICATION to modify a transfer tax order.

Corliss Sheldon, for executor.

Burton D. Esmond, for state comptroller.

OSTRANDER, S. This is an application to modify a transfer tax order made in this proceeding February

4, 1919. The grounds of the motion alleged are a mistake in law and lack of jurisdiction of the surrogate to make the order fixing the cash value of certain mortgages and a tax thereon:

The properties alleged to have been erroneously assessed are:

1. A bond and mortgage from Harriet Rowley et al. to Emma Arnold, dated November 2, 1901, $311.25, covering lands in New York state.

2. A bond and mortgage from Strenstrom and wife to Lucy E. Wagman, dated May 1, 1906, $516.67, covering lands in New York state.

3. A bond and mortgage from James Losee and wife to said deceased, dated April 2, 1906, $1,319.50, covering lands in Ohio.

These were assessed five per cent, $107.37, under section 221-b of the Tax Law.

On June 6, 1919, the executor moved to modify and correct the taxing order by striking out this assessment and for general relief.

The comptroller urges that the executor has no relief except by appeal. This contention seems to be met by *Matter of Morgan,* 164 App. Div. 854; affd., 215 N. Y. 703, and by the *Silliman* case therein cited.

Upon the merits, the executor claims that these securities are not taxable under section 221-b of the Tax Law and that the surrogate had no jurisdiction to make the taxing order. Section 221-b imposes a tax upon the investments defined in article 15 of the Tax Law, of five per cent in addition to that imposed by section 221-a, with certain exceptions. The securities enumerated and defined in said article 15 do not include the securities involved in this application.

The comptroller urges that the legislative intent must have been to include such securities, because the Tax Law provides that realty mortgages recorded sub-

sequent to July, 1906, shall not be liable to further personal property tax, and that holders of such mortgages recorded prior to July, 1906, may pay the mortgage tax and thereupon the bond secured by such mortgage shall be entitled to all the privileges of those recorded prior to July, 1906. This does not follow. The imposition of a tax is a taking of property *in invitum,* and should be clearly justified by the language of the statute authorizing it. It should never be permitted by any stretching of construction of the language of an act, nor by any implications of intent not clearly expressed. To pay a tax lawfully imposed is a patriotic duty — to resist one not clearly imposed is equally a patriotic duty. There should be no laxness in refusing the sovereign's demand for tribute not clearly of right, a principle to establish which much blood has been shed. Nor should any latitude be extended to indirect taxation which strongly tends to extravagance in public expenditures. The safest government will always be the one which depends upon an alert and critical management of the purse strings and a frequent call upon the taxpayer for authority to spend his money.

Here the legislature might have imposed a tax upon the class of securities in question but failed to do so. On the contrary, it expressly limited the subject of this five per cent tax to the investments defined. There is no authority of law for the assessment of this tax, and the taxing order must be modified by striking out the assessments in question.

Motion granted, with ten dollars costs.