Matter of the Transfer Tax on the Estate of RICHARD H. AUSTIN, Deceased.

(Surrogate's Court, Bronx County, December, 1919.)

Transfer tax — mortgages — what is not an "investment"— Tax Law, § 221-b, as amended by Laws of 1917, chap. 700 ,— Tax Law, § 330.

> A single bond secured by a mortgage upon real estate outside of the state of New York, is not an "investment" as defined by section 330 of the Tax Law, and is not subject to the tax imposed by section 221-b of said statute as amended by chapter 700 of the Laws of 1917. ·

PROCEEDINGS on an appeal from an order assessing a transfer tax.

John Boyle, Jr., for state comptroller, appellant.

Henry S. Cook, for respondent.

SCHULZ, S.   This is an appeal by the comptroller of the state of New York from an order fixing the value of property subject to the tax imposed by the act relating to taxable transfers and the tax to which the said transfers are liable upon the ground that the order appealed from fails to incorporate therein the tax imposed by section 221-b of the Tax Law as amended by chapter 700 of the Laws of 1917.

At the time when the order was made and the appeal taken, the section in question had been held to be unconstitutional. *Matter of Watson,* 186 App. Div. 48. The determination of this appeal was therefore held in abeyance pending a consideration and review of the Watson matter in the Court of Appeals, to which an appeal had been taken. The Court of Appeals has reversed the Appellate Division and declared the statute constitutional. *Matter of Watson,* 226 N. Y. 384.

The item as to which the controversy arises is a bond with the accompanying mortgage with interest on property located at Fanwood, N. J., amounting to the sum of $2,721.52. There is no dispute so far as the papers disclose as to the facts. The schedules show that the decedent owned the property in question at the time of his death, and it is not contended that any tax or personal tax was paid thereon as set forth in section 221-b, nor that the decedent was engaged in the business of selling securities. The question is therefore concretely and clearly presented whether a single bond secured by a mortgage which is a lien upon real estate in another state is subject to the provisions of the section in question.

Section 221-b of the Tax Law, being Laws of 1909, chapter 62, and constituting chapter LX of the Consolidated Laws, as amended by chapter 700 of the

Surrogate's Court, Bronx County, December, 1919.    [Vol. 109.

Laws of 1917, so far as material to this controversy, provides as follows:

" Sec. 221-b. Additional tax on investments in certain cases.— Upon every transfer of an investment, as defined in article fifteen of this chapter, taxable under this article, a tax is hereby imposed, in addition to the tax imposed by section two hundred and twenty-one-a, of five per centum of the appraised inventory value of such investment,  *   *   *."

It will be noted that the tax is not imposed upon the transfer of investments generally, but only of an investment as defined in article XV of the Tax Law. This article consists of sections 330 to 340 of the Tax Law. Section 330 is the only one which can be said to be at all explanatory of the term investment.

The question involved, therefore, narrows itself down to a consideration whether this section does or does not define the term investment. So far as material to the matter under discussion, it is in the following language:

" Sec. 330. Definitions.— The word ' investments,' as used in this article, shall include: Any bond, note, debt, debenture, equipment bond or note, or written or printed obligation, forming part of a series of similar bonds, notes, debts, debentures, written or printed obligations,  *   *   *."

It will be observed that the section does not state in specific terms that the word " investments " shall mean any bond, etc. It uses the language, the word " investments " shall include any bond, etc. Did the legislature intend that the term investment should include among other securities not named, those detailed, or did it intend to limit the term investment when the same was to be used in article XV to the securities mentioned? If the former, then the section did not define the term at all, because the list of securi-

ties mentioned would not be exclusive and it would follow that almost all securities might be denominated investments and hence would be liable to the tax in question.

In *Matter of Goetz,* 71 App. Div. 272, 275, where a testator used the language: " I give    *    *    *    all my personal property including my furniture," etc., the court said: " ' Including ' is not a word of limitation, rather is it a word of enlargement, and in ordinary signification implies that something else has been given beyond the general language which precedes it." Hence it might be argued that in the section in question, the words " shall include " are words of enlargement and that the term " investments " shall mean not only investments in the general acceptation of the word but also, in an enlarged sense if that be necessary, so as to include in addition the securities named which follow these words.   Such, however, does not appear to me to have been the intention of the legislature and it is the intent of the legislature which must be given effect.

" In construing statutes the proper course is to start out and follow the true intent of the legislature, and to adopt that sense which harmonizes best with the context and promotes in the fullest manner the apparent policy and objects of the legislature " (*Manhattan Co.* v. *Kaldenberg,* 165 N. Y. 1, 7), and while " it is not the province of the courts to supervise or revise legislation " or to enact law, nevertheless, when there is uncertainty of sense or of expression the court must ascertain the legislative intention and when it is ascertained, it must be given effect, even though it be necessary to enlarge or restrain the words of a single provision in their meaning or operation.   *Matter of Meyer,* 209 N. Y. 386, 389; *Archer* v. *Equitable Life Assurance Society,* 218 id. 18, 22.   Words, phrases and

sentences must yield to it. *People* v. *Schwartz,* 183 App. Div. 367, 369; affd., no opinion, 224 N. Y. 647. A strict literal interpretation is not always to be adhered to. *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43. Significance and effect shall, if possible, be accorded to every section, clause, word or part of an act. 25 R. C. Law, § 246.

· In considering the matter now before us, it must be remembered that both sections 221-b and 330 were part of the same statute, passed at the same session and by the same legislature, and should be construed together. *Matter of Terry,* 218 N. Y. 218, 222; Lewis' Suth. Stat. Const. §§ 366, 368; *Edison El. Illuminating Co.* v. *Frick Co.,* 221 N. Y. 1, 5. When, therefore, the legislature stated in section 221-b that '' Upon every transfer of an investment as defined in article fifteen,'' it seems evident to me that it was the intention of the legislature to define the term in the last named article, and this was also indicated by the fact that section 330, which is the 1st section of article XV, bears the title '' Definitions.''

This conclusion is further borne out by an examination of the legislation which antedated article XV of the present statute. The latter was former article XV (Laws of 1911, chap. 802), and section 330 provided that '' The words ' secured debts,' as used in this article, shall include,'' and then follow four numbered subdivisions into which the section is divided. The 1st subdivision is ''Any bond, note or debt secured by mortgage of real property recorded in any state or country other than New York and not recorded in the State of New York; '' all the other sections have reference to securities forming part of a series. By the next amendment (Laws of 1915, chap. 465) after the introductory words above set forth, section 330 was divided into five numbered subdivisions, the first being

"Any bond, note or debt secured by mortgage of real property situated wholly without the State of New York," and the remaining four sections again referred to securities forming part of a series. Chapter 261 of the Laws of 1916, the next statute amending the article, made practically no change in section 330, but by the final amendment which brings the law up to its present form (Laws of 1917, chap. 700), section 330 is no longer subdivided, and the provisions of the former 1st subdivision thereof have been entirely eliminated; in other words, the section was amended, among other things, in taking out of the definition of the securities subject to the tax, "Any bond, note or debt secured by mortgage of real property situated wholly without the State of New York" which did not form a part of a series. This omission is significant. *Metcalfe* v. *Union Trust Co.,* 181 N. Y. 39, 45. That statute as thus amended seems to me to clearly indicate an intention on the part of the legislature (a) to define the securities subject to this tax; (b) to eliminate from the provisions of the article, bonds which do not form part of a series and are secured by a mortgage on real estate without the state of New York.

If it should be contended that after an analysis of the act itself and of the various amendments leading to its present form, there is still a doubt as to the meaning of section 330, we must consider what the rules of construction applicable thereto are.

The law under consideration imposes a special tax, such laws are always construed strictly against the government, and all facts as to the construction of the provisions thereof should be resolved in favor of the person chargeable with the payment of the tax. *Smith* v. *Browning,* 225 N. Y. 358, 363; *Matter of Terry,* 218 id. 218, 222; *Matter of Wadsworth,* 100 Misc. Rep. 439;

affd., no opinion, 185 App. Div. 944. The burden of proving that an item of property is subject to this tax is upon the state. *Matter of Enston,* 113 N. Y. 174; *Matter of Vassar,* 127 id. 1, 12; *Matter of Cooley,* 186 id. 220; *Matter of Miller,* 77 App. Div. 473.

Assuming, therefore, that a doubt still remains, the state having failed to remove that doubt by showing that the specific security in question is subject to the tax, it must be resolved against the state and the security in question held not to be subject to the provisions of section 221-b aforesaid.

Counsel for the state comptroller urges that section 3 of the Tax Law of the state of New York provides that all real and personal property situated or owned within the state, is taxable, unless exempt from taxation by law, and I do not dispute that fact. I do not hold that the bond is not taxable; that question is not before me. I only determine that this bond is not subject to the tax of five per cent provided by section 221-b.

*Matter of Van Cortlandt,* 108 Misc. Rep. 538, which is cited in support of the appeal, has no bearing upon the question here involved. In that matter the learned surrogate of Westchester county clearly stated that a portion of the property bequeathed fell within the classification of property known as " investments " under the investment tax act, and then held that such property was not exempt from the tax fixed by section 221-b.

It is interesting to note also that the attorney-general had rendered an opinion that " a bond or other obligation, in order to come within the definition, must form part of a series of similar bonds " (13 State Dept. Rep. 453), and that two bills were introduced during the last session of the legislature (Assembly Bill, Int. No. 470; Senate Bill, Int. No. 420), by which

it was sought to amend section 330 among other things by eliminating the provision that the security affected was one forming a part of a series, both of which failed of passage.

From an analysis of the act itself and its development through the amendments stated, I conclude and hold that the words " shall include " as used in section 330 aforesaid are words of limitation and are followed by words defining the term " investments " as the same is used in article XV. It follows that the bond in question, not being one of a series, is not an investment as thus defined and is therefore not subject to the provisions of that article or liable to the tax imposed by section 221-b. *Matter of Sheppard,* 189 App. Div. 370; *Matter of Preston,* 108 Misc. Rep. 535.

The order assessing the tax is therefore affirmed.

Order affirmed.