Matter of the Appraisal for Transfer Tax of the Estate of William D. Burnham, Deceased.

(Surrogate's Court, Westchester County, July, 1920.)

Transfer tax — when gift to a foreign municipal corporation is not subject to — wills — meaning of words '' charitable or educational corporation ''— Tax Law, § 221.

A foreign municipal corporation, when authorized by the laws of its state to take and hold gifts for the benefit of the poor and for the education of the people, is a " charitable or educational corporation " within the meaning of section 221 of the Tax Law.

Where such a gift is given by the will of a resident decedent of the state of New York to two towns in the state of Connecticut, the gift is not subject to a transfer tax.

Appeal from an order assessing the transfer tax.

Herman A. Schupp, for executors.

Francis A. Winslow, for state comptroller.

Slater, S. This proceeding involves an appeal from an order entered upon the report of the transfer tax

appraiser. The point submitted is new. It has not been decided in our courts. The decedent's will made certain bequests to two towns in Connecticut, or the proper officers thereof, for the benefit and relief of the poor and also for the erection, equipment and maintenance of a free public library, or for the erection of public school buildings, or for the support, maintenance, enlargement or improvement of the public school system, or for any or all of such purposes.

The state comptroller contends that the gifts are taxable because a foreign municipal corporation is not exclusively a charitable, benevolent or educational corporation; and further, a municipal corporation is not named in the exempt classes and by inference is excluded. The executors say that the gift is exempt, for the reason that section 221 of the Tax Law includes in its bounty, foreign, as well as domestic corporations, and that the word " exclusive " cannot be read into the law by implication, and contend that a foreign municipal corporation may hold for charitable uses whenever permitted so to do by the law of the state in which such municipal corporation is located free from the transfer tax.

The question resolves itself into this: Is a foreign municipal corporation a charitable or educational corporation when authorized by the laws of its state to take and hold gifts for the benefit of the poor and for the education of the people, within the meaning of section 221 relating to exemptions and limitations of taxable transfers?

Inheritance tax is an impost upon the right to transmit property at death, or upon the right to succeed to it from the decedent. *Matter of Gihon*, 169 N. Y. 443; *Matter of White*, 208 id. 64; *United States* v. *Perkins*, 163 U. S. 625. Section 220 of the Transfer Tax Law creates the tax and section 221 states the exceptions

36

Surrogate's Court, Westchester County, July, 1920. [Vol. 112.

and limitations thereto. All property exempted by general statute from taxation is, on its transfer, unless specially exempted, none the less subject to inheritance taxes. *Matter of Kucielski,* 144 App. Div. 100. The rule in this state seems to be that statutes of exemption are strictly construed; but when a tax imposed is a special tax, relating to special cases and affecting only special classes of persons, a clear legislative intention to subject such a class to the tax must appear. *Matter of Mergentime,* 129 App. Div. 368; affd., 195 N. Y. 572; *Matter of Arnot,* 145 App. Div. 708.

Prior to chapter 732, Laws of 1911, transfers to charitable corporations were taxed. *Matter of Prime,* 136 N. Y. 347. Since that enactment, such transfers have been exempted. *Matter of Lyon,* 144 App. Div. 104. Generally the courts have favored exemptions to charitable corporations. Section 221 of the Tax Law says: *"Any property* devised or bequeathed * * * to any religious, *educational, library, charitable,* missionary, benevolent, hospital or infirmary corporation, *wherever incorporated,* including corporations organized *exclusively* for bible or tract purposes, * * * shall be exempted from and not subject to the provisions of this article." We must look to these words to find the desired exemption. The amendment of 1917, chapter 53, whereby the words " or real property to a municipal corporation in trust for a specific public purpose shall be exempted " does not indicate, as argued by the state comptroller, that *personal property* given for a specific public purpose shall not be exempt. This amendment tends to enlarge and extend the exceptions in favor of municipal corporations. There are many public purposes which are not educational or benevolent or charitable. A gift of real property for highway purposes or for a park is now exempt; a gift of money for the like purpose is not exempt. In each

case the gift is for a public purpose, but in each case it is not educational, charitable or benevolent. This amendment in no wise implies that personal property gifts to municipal corporations are to be taxed. The exemption added in 1917 applies only to municipal corporations located within the state.

A state has the power to exempt only such property bequeathed for charitable or educational purposes as shall be bestowed within its borders without violating the Federal Constitution. *Board of Education* v. *Illinois*, 203 U. S. 553. In this state, however, such corporations are exempt "wherever incorporated." There is no discussion about this.

A gift is a charity, if the purpose to be attained is not personal, private or selfish. *Matter of MacDowell*, 217 N. Y. 454, 460.

*Matter of Rockefeller*, 177 App. Div. 786; affd., 223 N. Y. 563, states that the settled policy of the state is to encourage the benevolent purposes of persons. The court says: " The transfer tax law, in harmony with the general purpose, has provided that bequests, devises and gifts shall not be diminished by a tax upon the transfer to the charitable or benevolent corporation." This indicates the liberal construction placed by our courts upon all charitable gifts for the use of the people.

It has been held that a gift to a municipal corporation — a city — in this state for education purposes was exempt. *Matter of Saunders*, 77 Misc. Rep. 54; affd., 156 App. Div. 891. A decision that throws much light upon the question involved herein is *Matter of Rasquin*, 159 App. Div. 845. This case involved the validity of a gift to a town in Massachusetts for charitable uses, and the court held that a gift to a town in a foreign state in trust through its officers to invest and apply the income to and for the benefit of the poor of

such town was a valid gift to charity. The *Saunders* and the *Rasquin* cases hold that municipal corporations in or out of the state may hold charitable gifts. The *Saunders* case further holds that gifts to local municipal corporations are exempt.

Whether towns in Connecticut may legally take gifts for the purposes set forth in decedent's will is a question of fact, to be proved like any other controverted fact. *Matter of Cummings,* 142 App. Div. 377. The charter of the town or the general law of the state is the test. *Matter of De Peyster,* 210 N. Y. 216.

The General Statutes of Connecticut, revision of 1918, grant the following powers to towns: "Section 1623. Every town shall maintain and support all the poor inhabitants belonging to it * * *;"

"Section 851. Public schools shall be maintained for at least thirty-six weeks in each year in every town and school district."

"Section 1100. Any town * * * may establish a public library, the use of which * * * shall be free to its inhabitants * * *;"

Section 1101 gives power to towns to acquire library sites.

Section 388 provides that "Any town * * * may enact by-laws or ordinances to amend their charter provisions." In enumerating the powers in this section is included " accepting any bequest or devise." The courts of Connecticut are most liberal in construing these powers. *Town of Hamden* v. *Rice,* 24 Conn. 350.

Thus, these towns named in decedent's will are capable of taking a charitable gift. Therefore, what words in section 221 deny the exemption? It has recently been held by the Court of Appeals that a charitable gift to the town of Guilderland, Albany county, for the needy poor of that town, was a valid

gift. *Matter of Groot,* 173 App. Div. 436; affd., 226 N. Y. 596.  In this case the court's decision wiped away all distinctions relating to charitable gifts to towns, villages and cities.

It being established by our law that a gift to the poor of a town in Massachusetts is valid, why should not section 221, creating exemptions, apply?  The word " exclusively " is no longer used in referring to charitable, benevolent, educational or library corporations in the clause relating to exemptions.  It is the rule that exemptions to charities must be expressed in the inheritance tax statute and are not to be read into it by implication and the reverse of this rule is quite true. If it is found there, it cannot be read out by implication.  Under this rule, such exemptions are confined to domestic corporations unless foreign charitable corporations are specified.  In section 221 they are specified, as the words " wherever incorporated " are used. New York state has opened wide the door to permit its residents to make charitable gifts for the benefit of the people of foreign jurisdictions.  In the instant case, the decedent's last thought was to assist the people of the place of his birth, the folks living and to live in those hill towns in Connecticut.

Is a gift to the poor, or for the public education of the people of a town in a foreign jurisdiction, a charitable gift to the town as a charitable institution? Our courts have answered this by saying that such is a valid gift.  This being so, it is exempt under section 221.  The state comptroller says that the towns are not exclusively charitable or educational corporations and, therefore, the exemption is not applicable.  The statute has not limited the exemptions to corporations having no other purpose or function than works of charity.  The word " exclusively " is not used.  It had been used, but was stricken out in 1905 and the sig-

nificance of its removal was noted and discussed in *Matter of Mergentime,* 129 App. Div. 367; affd., 195 N. Y. 572. The construction of the exemption clause must not be thus narrowed. If it is to be restricted, that is the province of the legislature. Public charity is too broad to permit of any restraint by implication or court's construction. Any corporation is within the term of " charitable " or " educational " when, by its powers, or usage, it is charged with administering charitable relief, and educating its people, even though it exercises other public functions. A liberal spirit pervades the law relating to charitable gifts. *Matter of Robinson,* 203 N. Y. 380; *Matter of Cunningham,* 206 id. 601; *Matter of Groot,* 173 App. Div. 436; affd., 226 N. Y. 596; *Matter of Morris,* 227 id. 141.

A very similar state of facts arose in Iowa, and the court of that state said: " The county, being thus charged with the duty of relieving and supporting the poor, is to that extent a charitable organization, and a gift made specifically in aid of this feature of its work is to all reasonable intents and purposes a gift to or for a charitable institution." As aptly fitting the case here presented, we quote from *Morrow* v. *Smith,* 145 Iowa, 514, the following: " Inasmuch as the Legislature did not see fit to restrict the term ' charitable institutions,' we would not be justified in placing such restrictions upon it unless such restriction inheres in the legal meaning of the term, or unless such construction be necessary to harmonize this provision with other provisions of the statute, or to save its validity for constitutional or other reasons. This provision as it is conflicts with no other. It is neither inconsistent nor unreasonable. We are constrained, therefore, to hold that the defendant in its relation to this devise is a ' charitable institution ' within the

meaning of the collateral inheritance statute." *Matter of Spangler,* 148 Iowa, 333; *Morrow* v. *Smith, supra.*

When the lawmakers amended the exemption clause they had in mind universality. They wrote for the red schoolhouse in this state and elsewhere; for relief to the needy and distressed within or without our borders. The very words of inclusion of corporations organized exclusively for bible and tract purposes clearly indicate their purpose regarding the other charitable corporations. They understood that poverty is world-wide and education is the bulwark of this United States. They realized that our state is a unit in the system and they wrote to protect our people from destructive forces; they meant to have the state assist and uphold public charities "wherever incorporated."

State lines cannot confine boundless charity, unless the law clearly limits it, and a tax cannot be upheld or justified by inference or implication. Neither can an exemption. Plain words create a tax and plain words must exempt. *Matter of Preston,* 108 Misc. Rep. 535.

The towns named in decedent's will under the public laws of Connecticut are charged with the duty of supporting the poor and educating the children through the public school system and are likewise empowered to establish and maintain libraries for the higher education of the general public. To that extent they are charitable and educational organizations and a gift made in aid of that kind of work is a gift to and for charitable and educational purposes and consequently exempt under section 221 of the Tax Law.

I am of the opinion that these gifts are exempt within the meaning of section 221 of the Transfer Tax Law.

Decreed accordingly.