In the Matter of the Estate of CHARLES F. McKIM, Deceased.

Surrogate's Court, New York County, August 23, 1939.

*Emmet, Marvin & Martin,* for the Bank of New York, as trustee.

*Lord, Day & Lord,* for the American Academy in Rome.

*Jerome H. Hirsch [John J. Fay* of counsel], for the State Tax Commission.

DELEHANTY, S. The trustee of the residuary trust created by the will of deceased moves for an order exempting from transfer tax the remainder interest in the trust. By reason of the death of the life tenant the remainder is presently payable. The sole question presented by the motion is whether or not the charitable corporation entitled to the remainder can claim the benefit of the exemption provisions of the Tax Law.

The American Academy in Rome was incorporated under the laws of New York on June 21, 1897. This corporation has never been dissolved. Later, by act of Congress approved March 3, 1905, a Federal charter was granted to various persons (some of them the New York incorporators) conferring powers such as had been granted under the New York charter. The Federal charter granted to the trustees the power to adopt by-laws. Such by-laws required the annual meeting of the board of trustees to be held in the city and State of New York. The executive office of the Federal corporation has always been maintained in the city of New York. It is presently located at 101 Park avenue, Manhattan, New York city.

Deceased died September 14, 1909. At that time section 221 of the Tax Law (Laws of 1908, chap. 310) declared that any prop-

erty devised or bequeathed "to any * * * educational, charitable * * * corporation" should be exempt from tax. This provision of the Tax Law was construed by the Court of Appeals in *Matter of Prime* (136 N. Y. 347) and *Matter of Balleis* (144 id. 132) to be applicable only to domestic corporations.

Argument for the exemption is here made on the ground that there is identity of corporate quality between the New York and the Federal corporation and that in any event the Federal corporation is a domestic corporation within the provisions of the law operative at the date of deceased's death. Support for the latter viewpoint is found in section 3343 of the Code of Civil Procedure (now Civ. Prac. Act, § 7, subd. 7), which in 1908 defined a domestic corporation as one created by and under the laws of the State and also one "located in the State and created by or under the laws of the United States."

The applicability of the definition contained in the Code of Civil Procedure to a problem arising under the Tax Law has been determined differently by two surrogates of this court. In *Matter of Cushing* (40 Misc. 505) Mr. Surrogate FITZGERALD held that the definition was applicable in a controversy which concerned a transfer tax upon shares of a national banking corporation. In *Matter of Crittenton* (N. Y. L. J. April 5, 1911, p. 71) Mr. Surrogate COHALAN held that the definition in the Code of Civil Procedure was not applicable to any question arising under the Tax Law, and so denied an exemption claimed by a corporation organized under an act of Congress which, like the remainderman here, maintained a place of business in New York city.

The court adopts as sound the determination of Mr. Surrogate FITZGERALD in *Matter of Cushing (supra)*. Some support for this result is found in *Matter of Lyon* (144 App. Div. 104). In the case last cited the court held that there was an exemption where the record showed incorporation in two States, including New York, though the will in that case, when referring to the corporation, described it as of "Boston, Mass.," and though the corporation had also been incorporated in Massachusetts. Support also is found for this result in *Gould* v. *Texas & Pacific R. Co.* (176 App. Div. 818, 824). There the Appellate Division in this department cited *Matter of Cushing* with approval and in effect held that a corporation organized under the laws of the United States is a domestic corporation if its principal office is located in this State and if its executive offices are located here and its directors' meetings are held here. (Compare 69 A. L. R. 1346.) The remainderman meets these requirements.

The court holds that in respect of the American Academy in Rome there is sufficient to establish that here the gift is to a domestic corporation within the meaning of the Tax Law. The American Academy has functioned in this State to the advantage of the citizens of this State and its culture. The remainder gift to the academy is held to be free of tax.

Submit, on notice, order accordingly.