In the Matter of the Estate of CHARLES F. McKIM, Deceased.*

Surrogate's Court, New York County, June 25, 1940.

*Emmet, Marvin & Martin*, for the Bank of New York, as trustee.

* Affd., 260 App. Div. 854.

*Lord, Day & Lord [Jesse Hoyt* of counsel], for the American Academy in Rome, remainderman.

*L. Hollingsworth Wood,* for the executor, etc., of Margaret McKim Maloney, deceased life tenant.

DELEHANTY, S. By decision heretofore made (172 Misc. 477) the court held that the remainder interest in the trust created by the will of deceased was not subject to tax and that it passed to a charitable corporation. As a result of that decision it was ascertained that the tax heretofore paid to the State exceeded by $3,261.10 the amount payable to the State. This amount has been refunded by the State and concededly belongs to the remainderman. Pursuant to statute the State also made refund of $2,906.39 as interest at the statutory rate upon the principal sum just mentioned. Such interest covers the whole period from original receipt of the excess by the State to the date of actual refund. The life tenant died prior to the refund. Since the refund is made under a statute which provides for simple interest only, the trustee has properly computed the interest in controversy to the date of death of the life tenant only. This computation shows that out of the total interest of $2,906.39 only $2,733.29 had been earned at the death of the life tenant. Controversy exists as to the person entitled to this interest. It is claimed by the remainderman and also by the representative of the deceased life beneficiary. The latter asserts that the excess capital improperly removed from the estate assets and paid to the State would have produced income if it had been under administration by the trustees and that such income would have been receivable by the life beneficiary. The remainderman stands upon the letter of the statute as it existed at the time of the death of deceased on September 14, 1909.

By chapter 76 of the Laws of 1899, section 230 of the Tax Law was amended so as to provide that in respect of future estates a tax payment would be required at the highest possible rate subject to refund later if the property actually vested in persons exempt from tax or persons whose interests were taxable at a lower rate. Originally this provision required refund with legal interest. This law was re-enacted by chapter 62 of the Laws of 1909, in effect February 17, 1909. The only change that had occurred in the act was a reduction on the refund from the legal rate of interest to interest at the rate of three per cent per annum. Both under the Laws of 1899 and as re-enacted in the Laws of 1909 the payment was to be made to the person or corporation whose share had been excessively taxed.

The unfairness to the life tenant of this provision for paying to the ultimate remainderman not only the principal but also the interest which would have passed to the life tenant of the trust had the money not been locked up in the State custody was pointed out by the Court of Appeals in *Matter of Brez* (172 N. Y. 609) and *Salomon* v. *State Tax Commission* (278 U. S. 484). In an effort to correct this unfairness an amendment was made in 1911 (Laws of 1911, chap. 800) which provided for fixing a minimum and a maximum tax, for the payment of the minimum outright and for a deposit sufficient to cover the difference between the minimum and the maximum. The interest earned on the securities deposited was provided by law to be returned to the executor or trustee for disposition in accordance with the deceased's will. Later in 1925 (Laws of 1925, chap. 144) the Transfer Tax Law was amended to its present text. This provides that the full undiminished remainder is regarded as taxable contingently. It provides further that a deposit may be made to cover the whole of such tax and for the remittance to the executor or trustee of the income earned on the deposit. No outright payment is now required under the 1925 amendment if a deposit to secure the tax be made.

The question presented is whether the court must regard the rights of the parties as fixed by the state of the administrative features of the Tax Law in existence on September 14, 1909. The court holds that the changes in the law are changes in procedure and not changes in substance and so holds on the authority of *Matter of DeCordova* (199 App. Div. 492; affd., 234 N. Y. 514) that the changes in the administrative features of the law effected by the 1911 and the 1925 amendments resulted in vesting the remainderman with all that it was entitled to, to wit, the principal, and in vesting the life tenant with the interest of which she was deprived by reason of the excessive tax paid to the State. Accordingly the court directs that the interest item in controversy be paid to the estate of the life beneficiary.

The petition contains a proposed allocation of commissions and expenses which the court approves.

Submit, on notice, decree directing payment accordingly.