■ In the Matter of the Estate of MARGARET HARRIGAN, Deceased. HARRY HEALEY et al., Appellants; EDWARD J. S. FARRELL et al., Respondents.— In a proceeding to probate and to construe a will, seven relatives of the testatrix appeal from so much of a decree of the Surrogate's Court, Kings County, entered May 21, 1964, as construed paragraph fourteenth of her will to constitute a valid charitable bequest. Decree, insofar as appealed from, affirmed, with costs to the respondents filing separate briefs, payable out of the estate. Paragraph fourteenth of the will gives the residue of decedent's estate to her executrix "to be divided or used for any and all charities that she in her uncontrolled discretion may deem it best and fitting." In our opinion, such disposition constitutes a valid charitable bequest (*Matter of Cunningham*, 206 N. Y. 601, and cases there cited; *Matter of Groot*, 173 App. Div. 436, affd. 226 N. Y. 576; *Matter of McLoghlin*, 139 Misc. 202, affd. 233 App. Div. 886; *Stewart* v. *Franchetti*, 167 App. Div. 541). Therefore, the bequest does not fail because of indefiniteness of the beneficiaries (Personal Property Law, § 12, subd. 1). Nor does the death of the nominated executrix prior to the death of the testatrix prevent disposition of the residue as directed by the will, since the primary purpose of the testatrix was to devote the fund to charity, and since the distribution or allocation of the bequest by the named executrix was not the essential part of the testatrix' plan (4 Scott, Trusts [2nd ed.], § 397.1, pp. 2784–2785; Restatement, Trusts, 2d, § 397; *Matter of Groot, supra*). That the clear intent of the testatrix was to devote her entire estate to charitable purposes appears not only from the provisions in paragraphs third through thirteenth of the will, but also from paragraph fifteenth of the will, which expressly disinherits her relatives (cf. *Matter of Dammann*, 12 N Y 2d 500). Beldock, P. J., Ughetta, Hill, Rabin and Benjamin, JJ., concur.